IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH KYLE

    Plaintiff

v.

MEYERSDALE BOROUGH POLICE
CHIEF MATTHEW WRIGHT
    and

PENNSYLVANIA STATE TROOPER
CALLIHAN
    and
PENNSYLVANIA STATE TROOPER
AUGUSTINE

    Defendants

JURY TRIAL DEMANDED

No:  3:23-cv-187

## COMPLAINT

Plaintiff, Keith Kyle ("Mr. Kyle"), by and through his attorneys, Gay & Chacker, P.C., hereby files the following Complaint against defendant Meyersdale Borough Police Chief Matthew Wright ("defendant Wright"), Pennsylvania State Trooper Callihan ("defendant Callahan"), and Pennsylvania State Trooper Augustine ("defendant Augustine").

### Parties

1. Plaintiff is and was at all material times a resident of Meyersdale, Pennsylvania.

2. Defendant Wright was at all times relevant to this action the Chief of Police with the Meyersdale Borough Police Department located at 215 Main Street, Suite #3, Meyersdale, Pennsylvania 15552. He is being sued in his individual capacity.

3. Defendant Callihan was at all time relevant to this action a Pennsylvania State

Trooper who was upon information and belief assigned to Troop A, Somerset Barracks located at 142 Sagamore Street, Somerset, Pennsylvania 15501. Upon information and belief, defendant Callahan's full name is Jeffrey D. Callihan. He is being sued in his individual capacity.

4. Defendant Augustine was at all times relevant to this action a Pennsylvania State Trooper who was upon information and belief assigned to Troop A, Somerset Barracks located at 142 Sagamore Street, Somerset, Pennsylvania 15501. Upon information and belief, defendant Augustine's full name is Daniel Augustine or Ryan Augustine. He is being sued in his individual capacity.

## Jurisdiction

5. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1341 (1), (3) and (4). Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

6. On August 22, 2021 at approximately 2:30 a.m., Mr. Kyle was at his parents' house at 501 Thomas Street, Meyersdale, PA 15552.

7. At that approximate time, Mr. Kyle awoke to use the restroom and walked into the kitchen when suddenly and without warning he was confronted by defendants who began screaming at him.

8. Mr. Kyle, who was surprised by the defendants' presence and alarmed by their screaming, turned and saw defendant Wright pointing a taser gun at him.

9. Defendants continued screaming at Mr. Kyle and told him to turn around and put

his hands behind his back.

10. Mr. Kyle asked why he was under arrest and was told he was being arrested pursuant to a parole violation warrant.

11. At that point defendant Callihan and/or defendant Augustine struck Mr. Kyle above the left eye with a baton or similar weapon and defendant Wright simultaneously shot Mr. Kyle with the taser gun.

12. Mr. Kyle felt blood running down his fact and covered his face with his hands.

13. The defendants then pushed Mr. Kyle to the ground and repeatedly kicked and punched him.

14. At no point did Mr. Kyle cause or present any danger to defendants or anyone present at the scene and she did not do anything to justify the abusive actions and excessive use of force by defendants.

15. Mr. Kyle was beaten to the point that he received emergency room treatment for the physical injuries sustained as a result of the defendants' abuse and actions.

16. As a direct and proximate result of the actions or inactions of the defendants, Ms. Vasquez suffered multiple serious and permanent injuries, including but not limited to head injury which ultimately triggered a blood clot and stroke, taser wounds, scarring, disfigurement, cuts, bruises, abrasions and various other ills and injuries.

17. Mr. Kyle continues to suffer from anxiety, fear, and physical and mental harm.

18. As a direct and proximate result of the defendants' actions, Mr. Kyle has suffered and will continue to suffer in the future great physical pain with mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders depriving him of

life's pleasures together with great embarrassment and humiliation.

19. As a direct and proximate result of the defendants' actions, Mr. Kyle has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

20. As a direct and proximate result of the defendants' actions, Mr. Kyle has and will in the future be unable to attend to and perform his daily duties and occupations, all to her great detriment and loss.

21. As a direct and proximate result of the defendants' actions, Mr. Kyle was deprived of rights, privileges and immunities under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested.

22. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Kyle to freedom from use of excessive, unreasonable and unjustified force against her person.

## COUNT ONE
### Excessive Force
### 42 U.S.C. § 1983 against Defendants

23. Mr. Kyle hereby incorporates the allegations contained in paragraphs 1 through 22, inclusive, of his Complaint as if the same were set forth at length herein.

24. Mr. Kyle claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants for violation of her constitutional rights under color of law.

25. As aforesaid, defendants, acting under color of state law, intentionally and maliciously assaulted and battered Mr. Kyle, deprived Mr. Kyle of his rights, privileges and

immunities under the Constitution of the United States and the laws of the United States; in particular, the right to be free from excessive use of force by an officer; which violated Mr. Kyle's rights under the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

26. Defendants, acting under color of state law, intentionally and maliciously assaulted and battered Mr. Kyle, and used their position of authority illegally and improperly to punish Mr. Kyle as set forth above which violated Mr. Kyle's rights under the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

27. Defendants have been and were here deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania and, in particular the borough of Meyersdale, to be free from excessive force, which deliberate indifference violated Mr. Kyle's rights under the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

28. As a result of the above actions, Mr. Kyle suffered the damages as aforesaid.

29. The actions of defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Kyle's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Keith Kyle, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
### Bystander Liability
### 42 U.S.C. § 1983 Against Defendants

30. Mr. Kyle hereby incorporates the allegations contained in paragraphs 1 through 29, inclusive, of his Complaint as if the same were set forth at length herein.

31. Mr. Kyle believes and therefore avers that defendants encouraged and stood idly by while Mr. Kyle was assaulted and battered, which deprived Mr. Kyle of his rights and privileges under the Fourth, Eighth, and/or Fourteenth Amendments of Constitution of the United States.

32. Defendants failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery of Mr. Kyle.

33. By encouraging and failing to intervene, defendants effectively assisted each other in assaulting and battering Mr. Kyle and therefore deprived Mr. Kyle of his Constitutional rights and privileges under the Fourth, Eighth and/or Fourteenth Amendments to the Constitution of the United States.

34. As a result of the above actions, Mr. Kyle suffered the damages as aforesaid.

35. The actions of defendants were so malicious, intentional, and displayed such a reckless indifference to Mr. Kyle's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Keith Kyle, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT THREE
### Supplemental Claim for Assault and Battery Against Defendants

36. Mr. Kyle hereby incorporates the allegations contained in paragraphs 1 through 35, inclusive, of his Complaint as if the same were set forth at length herein.

37. Defendants intentionally, viciously, and brutally attacked plaintiff and are liable to plaintiff for assault and battery.

38. At the aforementioned time and place, plaintiff was suddenly and without any justification, forcefully struck in the head with a baton or similar weapon, tased, and repeatedly punched and kicked by defendants.

39. Defendants are liable for the following conduct:

    a.  the intentional, unpermitted, harmful and offensive contact with plaintiff;

    b.  the intent to inflict serious harm and injury to the plaintiff; and

    c.  intentionally placing plaintiff in reasonable apprehension of imminent harmful or offensive bodily contact.

40. Plaintiff suffered the injuries and damages described above by reason of the aforementioned culpable conduct of defendants

WHEREFORE, plaintiff, Keith Kyle, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FOUR
### Supplemental Claim for Intentional Infliction of Emotional Distress Against Defendants

41. Mr. Kyle hereby incorporates the allegations contained in paragraphs 1 through

40, inclusive, of his Complaint as if the same were set forth at length herein.

42. At the aforesaid time and place, defendants, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to Mr. Kyle.

43. The acts and omissions of defendant as alleged in the preceding paragraphs constitute the tort of Outrageous Conduct Causing Severe Emotional Distress, all to Mr. Kyle's great detriment and loss.

44. As a result of defendant's conduct, Mr. Kyle suffered physical injuries, pain and suffering, and emotional distress.

45. The actions and conduct of defendants exceeded the normal standards of decent conduct and were willful, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, plaintiff, Keith Kyle, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT FIVE
### Supplemental Claim for Civil Conspiracy Against Defendants

46. Mr. Kyle hereby incorporates the allegations contained in paragraphs 1 through 45, inclusive, of his Complaint as if the same were set forth at length herein.

47. The defendants, acting in concert and conspiracy, committed acts in violation of Mr. Kyle's Constitutional Rights and against the laws of Pennsylvania. The defendants made statements among themselves and others in order to conceal defendants' unlawful and unconstitutional conduct and in an attempt to deny Mr. Kyle access to the courts and to due

process and to cover-up the wrongful assault and punishing of Mr. Kyle.

48. The defendants agreed and acted with a common purpose to do the above unlawful acts and with an intent to harm Mr. Kyle.

49. The defendants performed overt acts in furtherance of the conspiracy.

50. As a result of the above actions, Mr. Kyle suffered the damages as aforesaid.

51. The correctional officer defendants' conduct, as described above, constituted an actionable civil conspiracy under Pennsylvania law.

52. The actions and conduct of defendants exceeded the normal standards of decent conduct and were willful, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, plaintiff, Keith Kyle, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

*James A. Wells*
JAMES A. WELLS, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
(215) 567-7955
fax: (215) 567-6809

**Attorneys for Plaintiff
Keith Kyle**

Date: August 18, 2023